IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHILLIP TEMPLE,

        Plaintiff,

  v.

GUARDSMARK LLC,

        Defendant.
                                        /

No. C 09-02124 SI

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

Defendant has filed a motion to transfer venue to the United States District Court for the Central District of California. The motion is scheduled for hearing on September 18, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES defendant's motion.

**BACKGROUND**

Plaintiff brought this wage and hour class action on behalf of a putative class of similarly situated employees against defendant Guardsmark, LLC. Plaintiff and all putative class members were employed by defendant as security guards at all times relevant to the complaint. First Amended Complaint ("FAC") ¶ 10. The FAC describes two putative classes: Class A comprises those persons who received a 25-cent reduction in wages beginning on or about November 14, 2004; Class B comprises those persons who signed on-duty meal period agreements for the four-year period preceding the filing this Complaint. *Id.*

The named plaintiff in this case, Phillip Temple, resides in Vallejo, California, in the Eastern

District of California.[1]  According to the complaint, plaintiff was employed as a security guard by Guardsmark from July 2002 through February 2008.  Plaintiff alleges that during this time, defendant failed to: (1) compensate employees for the costs of uniform maintenance; (2) provide employees with off-duty rest periods; (3) compensate employees at the regular rate of pay for overtime wages; and (4) provide employees with accurate statements of wages.  FAC ¶¶ 6-8.  All of plaintiff's claims arise under California law.

Defendant is a corporation headquartered in Memphis, Tennessee that provides private security services to clients throughout the nation, including in California.  Among other services, Guardsmark provides trained security guards to work at various client facilities.  It has operations throughout California, including branch offices and client accounts in the San Francisco Bay Area as well as Los Angeles, Orange, Ventura, San Bernardino, and Santa Barbara Counties.  The company has one regional manager located in San Francisco and another in Los Angeles.  The executives responsible for setting employment policies for the entire company work in Memphis and New York.  According to company records, plaintiff worked at a client account in Benicia, California from July 27, 2003 to January 3, 2008 and subsequently at an account in Crocket, California from January 14, 2008 to February 27, 2008.  Docket No. 15-1 (Declaration of Ramona Martin in Support of Defendant Guardsmark, LLC's Motion to Transfer Venue ¶ 7.)

A different plaintiff represented by different counsel previously sued defendant in an earlier class action in the United States District Court for the Central District of California.  In *Lanzarone v. Guardsmark*, No. CV06-1136 RPLAX, 2006 WL 4393465 (C.D. Cal. September 7, 2006), plaintiff Joseph Lanzarone brought suit on behalf of similarly situated Guardsmark employees alleging that defendant failed to provide required meal and rest break periods, proper uniform reimbursements, and detailed written statements as to their earnings.  The Honorable Manuel L. Real denied plaintiff's

---

[1] Vallejo, California is approximately 34 miles from downtown San Francisco, 56 miles from downtown Sacramento, and 380 miles from downtown Los Angeles. Declaration of Aviva Roller In Support Of Plaintiff's Opposition to Defendant's Motion to Transfer ("Roller Decl."), Ex. A, ¶ 6 [Docket No. 22-1].

2

motion for class certification on September 7, 2006 and entered summary judgment for defendant on all claims on December 4, 2006.

Another putative class action was subsequently filed against Guardsmark in Los Angeles County Superior Court on July 28, 2008. Plaintiff Amr Hamdy, represented by different counsel, brought suit on behalf of similarly situated employees alleging meal period and rest break violations as well as other claims. Guardsmark removed the action to the Central District. The case was transferred to Judge Real because it was related to the *Lanzarone* case. In *Hamdy v. Guardsmark*, No. CV 08-06807R(PLAx), 2009 WL 961375 (C.D. Cal. April 8, 2009), Judge Real denied plaintiff's motion for remand to the state court, and subsequently dismissed the action with prejudice pursuant to a stipulation of the parties.

Now before the Court is defendant's motion to transfer venue of this action to the Central District of California.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

3

**DISCUSSION**

As an initial matter, the Court finds that venue is proper in either this district or in the Central District of California. In an action where jurisdiction is founded on diversity of citizenship, venue is generally proper in a district where any defendant resides. 28 U.S.C. § 1391(a). "[A] defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c). Guardsmark does business throughout California so it is subject to personal jurisdiction in the state. Additionally, plaintiff brings this action on behalf of a statewide class of security guards employed by defendant throughout the Northern and Central Districts. Therefore, venue would be proper in either district because a substantial part of the events giving rise to the claim occurred in both districts. *See id.* § 1391(a)(2).

Once venue is determined to be proper in both districts, courts consider various factors to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and would promote the interests of justice. Factors most relevant to this case include: (1) plaintiff's choice of forum, (2) convenience of the parties and witnesses, and (3) judicial economy. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see also Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

**1.    Plaintiff's Choice of Forum**

The parties dispute whether Temple's choice of forum is entitled to any deference. "The general rule is that a plaintiff's choice of forum is afforded substantial weight." *Bowman*, 157 F. Supp. 2d at 1106. In class actions, however, a plaintiff's choice of forum is often accorded less weight. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (stating that "[a]lthough great weight is generally accorded plaintiff's choice of forum, when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight") (internal citation omitted). Nonetheless, even in a class action,

> [i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and the [defendant's] contacts with the forum, including those relating to [plaintiff's] cause of action. If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter,

4

[plaintiff's] choice is entitled to only minimal consideration.

*Lou*, 834 F.2d at 739 (citations omitted). Where forum-shopping is evident, however, courts should disregard plaintiff's choice of forum. *Italian Colors Rest. v. Am. Express Co.*, No. C-03-3719, 2003 U.S. Dist. LEXIS 20338, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003); *Royal Queentex Enters. v. Sara Lee Corp.*, No. C-99-04787, 2000 U.S. Dist. LEXIS 10139, 2000 WL 246599, at *3 (N.D. Cal. March 1, 2000). Courts also substantially reduce their deference to a plaintiff's choice of forum when the plaintiff does not reside in the forum. *See Schwarzer et al., Federal Civil Procedure Before Trial* § 4:761 (2009) (citing *New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)); *see also Sweet-Reddy v. Vons Cos., Inc.*, No. 06-6667, 2007 U.S. Dist. LEXIS 24427, 2007 WL 841792, at *2 (N.D. Cal. March 20, 2007) (finding that deference to plaintiff's choice of forum is diminished where plaintiff does not reside in chosen forum and none of the events alleged in the complaint occurred there).

Under this guidance, the Court accords plaintiff's choice of forum some weight. While the putative class members are scattered across the state, the only named plaintiff lives near the Northern District. Although plaintiff resides in the Eastern District, the Northern District is the federal court located closest to his residence. Therefore, it can be inferred that plaintiff has not engaged in forum-shopping as he has chosen the forum that is most convenient for him. Furthermore, plaintiff's claims arise under California law and involve events that occurred within this judicial district and throughout the state. Thus, this is not a case where "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Lou*, 834 F.2d at 739.

**2.      Convenience of Parties and Witnesses**

The parties dispute whether Guardsmark must show that convenience factors weigh in favor of transfer in order to meet its burden of demonstrating that transfer is justified. Courts should certainly consider whether transfer would serve the convenience of the parties and the witnesses. However, this is one of several elements to be considered, and is not dispositive. *See Wireless Consumers Alliance,*

5

*Inc. v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2003) (focusing on the combined considerations of justice and convenience).

Here, the convenience of the parties weighs slightly against transfer. Defendant concedes that both districts are equally convenient for Guardsmark. The primary policy makers for Guardsmark are in New York and Tennessee and Guardsmark has regional management in both San Francisco and Los Angeles. Meanwhile, members of the putative plaintiff class are located throughout California, so neither district is more convenient for the plaintiffs as a class. However, as discussed above, the Northern District is more convenient for the only named plaintiff. Since the convenience of defendant and the putative class are neutral and the convenience of the named plaintiff weighs against transfer, this factor weighs slightly against change of venue.

In considering the convenience of potential witnesses, courts focus on the convenience of third-party witnesses who are not party employees. *See Munoz v. UPS Ground Freight, Inc.*, No. C 07-00970, 2007 WL 1795696, at *4 (N.D. Cal. June 20, 2007). Courts generally give little weight to the convenience of expert witnesses. *See Promuto v. Waste Management, Inc.*, 44 F. Supp. 2d 628, 639-40 (S.D.N.Y. 1999). Here, defendant concedes that the convenience to witnesses is neutral since the only non-employee witnesses likely to be called are experts. Defendant does not identify any anticipated witnesses that are more likely to be in the Central District than the Northern District. Therefore, this Court finds that the evidence before the Court does not demonstrate that transfer would make litigation more convenient for the witnesses.

**3.    Judicial Economy**

Defendant moves to transfer to the Central District on the ground that it would conserve judicial resources and thus serve the interest of justice. Defendant contends that Judge Real of the Central District is intimately familiar with the issues since he oversaw the litigation of similar claims in the *Lanzarone* case. Therefore, defendant claims that if its motion to transfer is granted, this action, like the *Hamdy* case, would likely be assigned to Judge Real pursuant to related case procedures. Defendant

6

further argues that transfer is particularly appropriate here because Guardsmark plans to assert that the class certification ruling in *Lanzarone* has a preclusive effect in this case under the doctrine of collateral estoppel. It claims that Judge Real is best suited to determine the preclusive effect of his own judgment.

Plaintiff counters that the fact that Judge Real previously presided over *Lanzarone* and *Hamdy* does not weigh in favor of transfer here. First, he notes that the present case involves different plaintiffs represented by different counsel, and that the class of plaintiffs proposed here is narrower than the class proposed in *Lanzarone*. Furthermore, he contends that because the *Lanzarone* and *Hamdy* matters are already resolved, there is no possibility of inconsistent rulings or consolidation with other actions. Plaintiff also argues that Guardsmark's asserted collateral estoppel defense does not mandate transfer, particularly where the parties are different. This Court is certainly able to evaluate the preclusive consequences of another judge's orders.

On balance, the Court concludes that considerations of judicial economy do not compel transfer. "Judicial resources are conserved when an action is adjudicated by a court that has already committed judicial resources to the contested issues and is familiar with the facts of the case." *Madani v. Shell Oil Co.*, No. C07-04296, 2008 WL 268986 (N.D. Cal. Jan. 30, 2008) (internal citation and quotation omitted). Here, it seems unlikely that Judge Real had the opportunity to delve deeply into the merits of the purported class claims in *Lanzarone* since class certification was denied and summary judgment was only litigated as against the individual plaintiff, Joseph Lanzarone. With respect to defendant's asserted collateral estoppel defense, this court is equally well-equipped to assess whether the *Lanzarone* decision has a preclusive effect on the instant case. Furthermore, as plaintiff points out, there is no potential for consolidating this case with another action because both the *Lanzarone* and *Hamdy* matters have been resolved. Therefore, transfer will not avoid inconsistent rulings or duplicative litigation in the instant case. *See Schwarzer et al., Federal Civil Procedure Before Trial* § 4:734 (2009) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 615 (1964) (stating that considerations of judicial economy include whether transfer will avoid duplicative litigation and prevent waste of time and money). Accordingly, this Court is persuaded that defendant has not made a substantial showing that judicial economy will

7

be facilitated by transferring this action to the Central District.

### CONCLUSION

For all of the foregoing reasons, and for good cause shown, the Court hereby DENIES defendant's motion to transfer venue [Docket No. 15].

**IT IS SO ORDERED.**

Dated: September 16, 2009

SUSAN ILLSTON
United States District Judge