1

2

3

4

5             IN THE UNITED STATES DISTRICT COURT

6             FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   PHILLIP TEMPLE, on behalf of himself          No. C 09-02124 SI
    individually and all others similarly situated,
9                                                 **ORDER DENYING PLAINTIFF'S**
              Plaintiffs,                          **DISCOVERY REQUEST**
10
       v.                                          **(Docket No. 58)**
11
    GUARDSMARK, LLC,
12
              Defendant.
13   _____/

14

15        Plaintiff has filed a request for an order permitting him to take a second Rule 30(b)(6)

16   deposition.  Plaintiff previously conducted a Rule 30(b)(6) deposition on several topics related to

17   Guardsmark's rest break policy.  Plaintiff now seeks leave to conduct a second deposition on the

18   following additional topics: (1) client billing policies and practices; (2) policies and practices for

19   recording work time; (3) IT systems in effect during the proposed class period for capturing work time

20   and client billing data; (4) manager training and duties; and (5) client agreements.

21        The parties agree that plaintiff's request is governed by Rule 26, which provides that a court

22   "must limit the frequency or extent of discovery otherwise allowed" if it determines that:

23        (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained
          from some other source that is more convenient, less burdensome, or less expensive;

24        (ii) the party seeking discovery has had ample opportunity to obtain the information by
          discovery in the action; or

25
          (iii) the burden or expense of the proposed discovery outweighs its likely benefit,
26        considering the needs of the case, the amount in controversy, the parties' resources, the
          importance of the issues at stake in the action, and the importance of the discovery in
27        resolving the issues.

28   Fed. R. Civ. P. 26(b)(2)(C).  Even assuming that each of the five new topics plaintiff proposes are

**United States District Court**
**For the Northern District of California**

relevant, the Court agrees with Guardsmark that, under the guidelines set forth in Rule 26, plaintiff is not entitled to notice an additional Rule 30(b)(6) deposition. In particular, the Court notes that plaintiff has had ample opportunity to otherwise obtain the information he now seeks through deposition, and indeed has obtained some of the information he seeks. Plaintiff could have noticed the five topics he now raises during his original Rule 30(b)(6) deposition request. Even once plaintiff had completed his original Rule 30(b)(6) deposition, he could have served Guardsmark with interrogatories asking it to identify employees knowledgeable about particular topics, then noticed the employees for individual depositions.

Moreover, in light of the discovery plaintiff has already received and will receive before the close of discovery, the Court also concludes that the burden and cost of producing additional Rule 30(b)(6) deponent(s) on plaintiff's additional topics will outweigh the benefit. Plaintiff has already deposed two of Guardsmark's senior executives. By the close of discovery, he will also have deposed two vice presidents and five other employees, and may question these employees as needed. Plaintiff will also have received discovery of pay records from Guardsmark's payroll management company, as well as a number of other documents. This discovery may well duplicate some of what plaintiff seeks through his proposed Rule 30(b)(6) deposition topics.

Plaintiff's request to take an additional Rule 30(b)(6) deposition is therefore DENIED.

**IT IS SO ORDERED.**

Dated: June 3, 2010

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

2